# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
---------------------------------------x
PRECISION HEALTH, INC.,                         Index No.

               Plaintiff,

     -against-                                  **SUMMONS**

PHYSICIANS MOBILE X-RAY, INC.,

               Defendant.
---------------------------------------x

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance on the plaintiff's attorneys within twenty (20) days of the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the reason demanded in the complaint.

Dated: May 10, 2019

                                     ABRAMS, FENSTERMAN, FENSTERMAN,
                                     EISMAN, FORMATO, FERRARA, WOLF &
                                     CARONE, LLP

                                     By: _____
                                     Matthew F. Didora
                                     3 Dakota Drive, Suite 300
                                     Lake Success, New York 11042
                                     (516) 328-2300
                                     mdidora@abramslaw.com

                                     *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------x
PRECISION HEALTH, INC.,                                    Index No.

                Plaintiff,                            **COMPLAINT**

-against-

PHYSICIANS MOBILE X-RAY, INC.,

                Defendant.
------------------------------------------------x

    Plaintiff, Precision Health, Inc., by its attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, as and for its complaint against defendant, Physicians Mobile X-Ray, Inc., alleges the following:

### NATURE OF ACTION

    1.    This is an action for a declaration determining the actual dispute that exists between the parties concerning amounts allegedly due pursuant to an oral agreement between Precision Health and Physicians Mobile.

    2.    Physicians Mobile claims that it is owed more than $150,000; whereas, Precision Health denies this claim.

    3.    Precision Health is entitled to a judgment declaring that it does not owe this sum to Physicians Mobile and determining the correct amount, if any, owed to Physicians Mobile pursuant to the parties' contract.

### PARTIES

    4.    Precision Health is a corporation organized under the laws of the State of New York and maintains a principle place of business in Richmond County.

5. Upon information and belief, defendant Physicians Mobile is a foreign corporation that is not authorized to conduct business in New York.

## JURISDICTION AND VENUE

6. Venue is proper in this county pursuant to NY CPLR 503(2) as this is the county where plaintiff Precision Health resides.

7. This Court has jurisdiction over defendant Physicians Mobile pursuant to NY CPLR 302(a)(1) as it has transacted business within the State and this claim arises out of those business activities.

## FACTUAL BACKGROUND

8. Plaintiff Precision Health provides portable x-ray services primarily to nursing homes. Technicians hired by Precision Health travel to nursing homes to take x-rays of patients, many of whom cannot leave the facility, and then upload the images to a central system where the x-ray images are read by licensed physicians.

9. In addition to its New York-based business, Precision Health also performs these services for nursing homes located in Pennsylvania.

10. Precision Health had numerous contracts with nursing homes throughout Pennsylvania to take and interpret x-ray images.

11. In or about July 2017, Precision Health subcontracted the technical portion – i.e., taking the x-ray and uploading it to Precision Health's server – to Physicians Mobile for several of its clients located in western Pennsylvania.

12. The terms of the contract were simple and straightforward: Physicians Mobile would take the x-ray and upload the image to Precision Health's server, and

Precision Health's employees would interpret the image. Precision Health would then bill the appropriate payor for both the technical and interpretive portions.

13. Precision Health agreed to pay 70% of the amount that it received for the technical.

14. During the negotiation of this agreement, Physicians Mobile oftentimes directed phone calls and text messages to Precision Health in New York. In addition, on at least one occasion, representatives of Physicians Mobile visited New York to discuss the terms of the contract.

15. Throughout the parties' relationship, Precision Health paid Physicians Mobile approximately $116,000. These payments equated to 70% of Precision Health's collections attributed to the taking the x-ray, as per the express agreement between the parties.

16. Despite the express agreement between the parties concerning the amount Physicians Mobile was to be paid and the parties' course of performance, Physicians Mobile began billing Precision Health in amounts far greater than what was agreed to.

17. Upon information and belief, Physicians Mobile billed Precision Health based upon the Medicaid fee schedule, which was not the parties agreed to.

18. When Precision Health refused to pay these excess sums, Physicians Mobile terminated the parties' contract.

19. Thereafter, on or about May 2, 2019, Physicians Mobile demanded that Precision Health pay $150,577.91 no later than May 12.

3

20. Physicians Mobile is simply not owed that amount of money.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

21. Precision Health repeats and realleges each of the foregoing allegations as if fully set forth hereat.

22. The contract between Precision Health and Physicians Mobile constitutes a valid, binding contract.

23. An actual, justiciable controversy exists between the parties concerning the amount, if any, owed to Physicians Mobile under the terms of that contract.

24. Precision Health is entitled to a judgment declaring that it does not owe Physicians Health the sum of $150,577.91 and determining the amount owed under the parties' contract, if anything.

WHEREFORE, plaintiff Precision Health is entitled to a judgment determining the rights of the parties pursuant to the terms of their contract along with such other and further relief as the Court deems just, proper, and equitable.

Date: May 10, 2019

ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN, FORMATO,
FERRARA, WOLF & CARONE, LLP

By: _____
Matthew F. Didora
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
mdidora@abramslaw.com

*Attorneys for Plaintiff*

To: Jonathan McCloskey, Esq.
Meyer Darragh Buckler Bebenek & Eck, P.L.L.C.
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, Pennsylvania 15219