4823-0412-4571/579-0163

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PRECISION HEALTH, INC.,                          :
                                                                                 **19 CV 03951 (NG)(VMS)**
                      Plaintiff,        :

      – against –                                       :     **ANSWER AND COUNTERCLAIM**

PHYSICIANS MOBILE X-RAY, INC.,           :
                                                               Defendant demands a jury trial.
                    Defendant.      :
-------------------------------------------------------X

Defendant Physicians Mobile X-Ray, Inc. (Physicians Mobile) alleges as follows for its answer to the complaint and its counterclaim:

Answering "Nature Of The Action"

1. Physicians Mobile lacks knowledge or information sufficient to form a belief as to the truth of paragraph 1 of the complaint.

2. Physicians Mobile admits paragraph 2 of the complaint.

3. Physicians Mobile denies paragraph 3 of the complaint.

Answering "Parties"

4. Physicians Mobile admits paragraph 4 of the complaint.

5. Physicians Mobile admits paragraph 5 of the complaint.

Answering "Jurisdiction And Venue"

6. Physicians Mobile denies paragraph 6 of the complaint.

7. Physicians Mobile denies paragraph 7 of the complaint.

Answering "Factual Background"

8. Physicians Mobile lacks knowledge or information sufficient to form a belief as to the truth of paragraph 8 of the complaint.

9. Physicians Mobile admits paragraph 9 of the complaint.

10. Physicians Mobile lacks knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the complaint.

11. Physicians Mobile admits paragraph 11 of the complaint.

12. Physicians Mobile denies paragraph 12 of the complaint, and admits that the parties entered into an agreement for Physicians Mobile to provide certain imaging services, for which it has not been fully paid, as pleaded in the counterclaim herein.

13. Physicians Mobile denies paragraph 13 of the complaint and admits that plaintiff Precision Health, Inc. (Precision Health) is obligated under the terms of the agreement of the parties to pay Physicians Mobile seventy percent of the amount billed by Physicians Mobile, not seventy percent of the amount received by Precision Health from third persons, and that the amount to be billed by Precision Health to third persons was to be at the maximum reimbursable amount allowed for services of the kind Physicians Mobile supplied, using the images provided by Physicians Mobile.

14. Physicians Mobile denies paragraph 14 of the complaint and admits that the parties negotiated the terms of their agreement by telephone and by other means of communication and that a representative of Physicians Mobile met with a representative of Precision Health in New York on one occasion.

15. Physicians Mobile denies paragraph 15 of the complaint as to the terms of the agreement of the parties, lacks knowledge or information sufficient to form a belief as to the

truth of the allegation as to Precision Health's collections, and admits that Precision Health has paid Physicians Mobile approximately $116,000.

16. Physicians Mobile denies paragraph 16 of the complaint.

17. Physicians Mobile denies paragraph 17 of the complaint and admits that Physicians Mobile billed Precision Health based on the Medicaid fee schedule.

18. Physicians Mobile denies paragraph 18 of the complaint and admits that Physicians Mobile terminated the agreement of the parties for Precision Health's breach.

19. Physicians Mobile admits paragraph 19 of the complaint.

20. Physicians Mobile denies paragraph 20 of the complaint.

### Answering The First Cause Of Action

21. Physicians Mobile incorporates the other allegations of this answer by reference in response to paragraph 21 of the complaint.

22. Physicians Mobile denies paragraph 22 of the complaint to the extent it is based on Precision Health's description of the agreement of the parties, and admits that the agreement of the parties was an enforceable agreement.

23. Physicians Mobile admits paragraph 23 of the complaint.

24. Physicians Mobile denies paragraph 24 of the complaint.

### First Defense

25. The Court lacks jurisdiction over the person of Physicians Mobile.

### First Counterclaim

26. In and about July 2017, Physicians Mobile and Precision Health entered into an agreement whereby Physicians Mobile would perform mobile X-ray services for Precision

Health in and around Washington County, Pennsylvania, at the Deer Meadows nursing home, the Majestic Oaks nursing home, Maple Winds Care Center, Meadowview Rehab and Nursing home, Premier Armstrong nursing home, Sunnyview Home, and Valley Manor nursing home (the Nursing Homes).

27. Under the terms of their agreement:

(a) Physicians Mobile was to invoice Precision Health for its services at the prices allowed by Medicare/Medicaid;

(b) Precision Health, upon receiving Physicians Mobile's invoices, was to have submitted the invoices to the appropriate payor or payors, including but not limited to Medicare and Medicaid; and

(c) Precision Health was to pay Physicians Mobile seventy percent of the amount invoiced by Physicians Mobile for its services.

28. Physicians Mobile started to provide services under the agreement in August 2017, and commenced invoicing Precision Health for its services on a monthly basis.

29. Precision Health failed to pay Physicians Mobile in accordance with the terms of their agreement, and underpaid Physicians Mobile in the principal amount of $150,577.91, thereby breaching the agreement of the parties.

30. Physicians Mobile ceased providing services under the agreement in January 2019.

31. Physicians Mobile has performed all conditions precedent to suit, or they have been waived.

32. Physicians Mobile is entitled to judgment against Precision Health for $150,577.91, with interest.

Second Counterclaim

33. Physicians Mobile incorporates the other allegations of this answer by reference.

34. Physicians Mobile performed the services described above in good faith.

35. Precision Health accepted the services rendered by Precision Health.

36. Physicians Mobile performed its services for the benefit of Precision Health with the expectation compensation therefor.

37. Precision Health owes Physicians Mobile the reasonable value of the services rendered in the sum of $150,577.91, with interest.

Third Counterclaim

38. Physicians Mobile incorporates the other allegations of this answer by reference.

39. Precision Health has been enriched by the services performed by Physicians Mobile.

40. The services described above were rendered by Physicians Mobile at its own expense.

41. It is against equity and good conscience to permit Precision Health to retain what is sought to be recovered described above in good faith.

42. Precision Health owes Physicians Mobile the sum of $150,577.91, with interest.

<u>Fourth Counterclaim</u>

43. Physicians Mobile incorporates the other allegations of this answer by reference.

44. Physicians Mobile mailed and/or emailed invoices to Precision Health monthly from August 2017 to January 2019, stating in detail the amounts Precision Health owed to Physicians Mobile.

45. Precision Health made no objection to Physicians Mobile's invoices within a reasonable period of time.

46. Physicians Mobile has rendered an account to Precision Health for $150,577.91, which sum Precision Health owes to Physicians Mobile, with interest.

Wherefore, Physicians Mobile demands judgment dismissing the complaint, and granting Physicians Mobile judgment against Precision Health for $150,577.91, with interest, costs, and disbursements.

Dated; New York, NY  
       July 16, 2019

LESTER SCHWAB KATZ & DWYER, LLP  
100 Wall Street  
New York, NY 10005  
212 964-6611  
Attorneys for Defendant-Counterclaimant  
PHYSICIANS MOBILE X-RAY, INC.

          Dennis M. Rothman  
_____  
          Dennis M. Rothman

**Certificate of Service**

I hereby certify that on July 16, 2019, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

> Matthew F. Didora, Esq.
> Abrams, Fensterman, Fensterman, Eisman, Formato, Ferraro, Wolf & Carone, LLP
> 3 Dakota Drive, Suite 300
> Lake Success, NY 11042
> 516 328-2300
> Attorneys for Plaintiff

Counsel for plaintiff not yet having appeared in this action, the foregoing document was served by email and by first class mail.

    S/ Dennis M. Rothman

    _____
    Dennis M. Rothman
    Lester Schwab Katz & Dwyer, LLP
    100 Wall Street
    New York, NY 10005
    212 964-6611